## COMMONWEALTH vs. MATTHEW DAVENPORT.

No exception lies to the refusal of a judge of the superior court to require a district attorney to elect upon which count he will go to trial, in an indictment containing a count for keeping a disorderly house, and one for a nuisance under Gen. Sts. c. 87, § 6.

In an indictment for keeping a disorderly house, evidence is inadmissible of what was said and done by disturbers of the peace in the highway at a considerable distance from the house, and not in the presence of the defendant or any of his family.

In an indictment for keeping a disorderly house, no exception lies to an instruction to the jury that, in order to warrant a conviction, it need not be proved that all persons residing near or passing by it were annoyed, but it would be sufficient to prove a frequent annoyance and disturbance during the time alleged, and that the indictment might be supported by proof that large numbers of disorderly persons were seen going in and out and conducting themselves in a disorderly manner, although the witnesses did not see what was done inside of the house.

In an indictment for a nuisance under Gen. Sts. c. 87, § 6, evidence is admissible to show that the defendant, before commencing the illegal sale of intoxicating liquors, told various persons that he intended to sell; and that casks and barrels were seen in his yard, and that a man was seen unloading them there, although there is no evidence of any stamps or marks upon the same.

An indictment for a nuisance under Gen. Sts. c. 87, § 6, contains a sufficient description of the offence, which charges that the defendant, during a specified time, and at a specified place, " a certain tenement there situate, used for the illegal keeping and sale of intoxicating liquors, knowingly and unlawfully did keep and maintain."

INDICTMENT containing two counts: 1. For keeping a disorderly house; 2. Charging that the defendant, during a specified time, " at Buckland aforesaid in the county aforesaid a certain tenement there situate, used for the illegal keeping and sale of intoxicating liquors, knowingly and unlawfully did keep and maintain," &c.

Before the trial commenced in the superior court, the defendant's counsel asked the judge to order the district attorney to elect upon which count he would go to trial; but *Rockwell*, J. refused to do so.

Evidence was offered tending to prove noise, disturbance, drunkenness and profaneness outside of the defendant's house, to which the defendant objected, unless it should be proved that he or some member of his family was present; but the judge allowed evidence to be introduced of what was said and done by disturbers of the peace not only immediately around the

house, but in the highway, and "at considerable distance therefrom," by disorderly persons going to and coming from the house.

The bill of exceptions then stated that "the government, to support the second count, offered witnesses to prove that defendant told them, before he commenced selling, that he intended to sell;" also "that casks and barrels were seen in defendant's yard, also that a man was seen unloading casks in defendant's yard; but there was no evidence of any stamp or mark upon said casks or barrels indicating what were the contents." This evidence was admitted, under objection.

The judge instructed the jury that, in order to warrant a conviction upon the first count, it must be proved that the house was kept in a manner to annoy and disturb the citizens generally who lived near it, or had occasion to pass by it in the highway, but that it need not be proved that all persons there residing or passing were thus annoyed, or were annoyed continually and at all times, but it would be sufficient to prove a frequent annoyance and disturbance at intervals during the time alleged, and that this count might be supported by proof that large numbers of disorderly persons were seen going in and out and conducting themselves in a disorderly manner, though the witnesses did not see or hear what was done inside of the house.

The defendant was convicted, and alleged exceptions; and also filed a motion in arrest of judgment, assigning various reasons, under which the only question argued was, as to the sufficiency of the description of the offence in the second count; but the motion was overruled.

*W. Griswold*, for the defendant.

*Foster*, A. G., for the Commonwealth.

MERRICK, J. The testimony of witnesses as to what was said and done by the disturbers of the peace in the highway, and at a considerable distance from the house, was erroneously admitted in evidence. Their alleged conduct and behavior did not occur in the presence nor with the knowledge of the defendant or of any of his family, and he therefore cannot be made

responsible for it. *Commonwealth* v. *Harwood*, 4 Gray, 41. To this extent, the exceptions must be sustained. In all other respects, the rulings of the presiding judge, including his refusal to allow the motion in arrest of judgment, appear to have been correct.

A new trial must accordingly be granted on the first count. But judgment is to be entered on the verdict rendered on the second count.